```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
CARLTON WILSON,                                                 :
                                                                :
                    Plaintiff,                                  :
                                                                :
        - against -                                             :
                                                                :
DOE, et al.,                                                    :
                                                                :
                    Defendants.                                 :
----------------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: <u>July 29, 2015</u>

**REPORT AND RECOMMENDATION**

14-CV-6465 (PAC) (JLC)

No objections have been filed to Magistrate Judge Cott's report and recommendation dated June 9, 2015. The Court adopts the R&R and directs the Clerk of Court to enter judgment dismissing the case.  Pursuant to 28 U.S.C § 1915(a)(3) I find that any appeal from this order would not be taken in good faith.          SO ORDERED - 7-29-15

*[signature]*

Paul A. Crotty, U.S.D.J
Copies Mailed By Chambers.

**JAMES L. COTT, United States Magistrate Judge.**

**To the Honorable Paul A. Crotty, United States District Judge:**

*Pro se* Plaintiff Carlton Wilson commenced this 42 U.S.C. § 1983 action on August 12, 2014 against Correction Officer Fernandec, Correction Officer Bredie, "Sick Call Officer Neely," and various Doe correctional officers, alleging that on November 29, 2013, during his incarceration at the Otis Bantum Correctional Center ("OBCC") on Rikers Island, Defendants subjected him to excessive force and an unreasonable manual body cavity search. Complaint (Dkt. No. 1). Wilson further alleges that he did not receive a medical visit ("sick call") following the incident. *Id.* at 4.

By Order dated October 27, 2014 (Dkt. No. 8), the Court dismissed Wilson's claims against Fernandec and Bredie because the complaint included no factual allegations that they were directly or personally involved in the alleged constitutional violation, a prerequisite to a damages award under Section 1983.[1] Secondly, pursuant to *Valentin v. Dinkins*, 121 F.3d 72, 76 (2d Cir. 1997), the Court directed the New York City Law Department ("Law Department"), as

---

[1] The Court dismissed the claims against Fernandec and Bredie without prejudice to Wilson amending his complaint to include such allegations; however, Wilson never filed an amended complaint.

attorney for and agent of the New York City Department of Correction ("DOC"), to ascertain the identities of the Doe defendants and the addresses where they may be served. (Dkt. No. 8 at 2-3). The Court issued a second *Valentin* Order on January 23, 2015, when the Law Department had not yet made an appearance nor provided information as to the Doe defendants. (Dkt. No. 13).

On February 26, 2015, the Office of the Corporation Counsel of the City of New York ("Corporation Counsel"), as Interested Party to the litigation (because no defendants had as yet been served), reported by letter that it had conducted an investigation into the alleged assault that occurred in Wilson's housing area at the OBCC on November 29, 2013 and was unable to identify the putative defendants involved. (Dkt. No. 19). Corporation Counsel further represented that a previous DOC investigation into Wilson's allegations revealed that six members of DOC staff responded to an inmate-on-inmate fight in Wilson's housing area on November 29, 2013; however, none of these DOC staff had any interaction with Wilson and neither used force nor witnessed force being used on him on that day. *Id.* Accordingly, by Order dated February 27, 2015, the Court directed Wilson to provide to Corporation Counsel (with a copy to the Court) a detailed physical description of the three DOC officers involved in the alleged incident giving rise to his claims by March 20, 2015. (Dkt. No. 20).[2]

On March 31, 2015, Corporation Counsel reported that Wilson did not comply with the Court's February 27 Order and requested an order compelling him to do so. (Dkt. No. 23). Wilson never responded to Corporation Counsel's letter. Consequently, on April 7, 2015, the Court issued another Order, directing Wilson to comply with the previous Order no later than

---

[2] Wilson has also failed to provide any additional information regarding defendant "Sick Call Officer Neely," whom DOC was unable to identify after searching its records. (Dkt. No. 11).

2

April 22, 2015. (Dkt. No. 24). The Court warned Wilson that failure to do so may result in sanctions, including a recommendation that his action be dismissed for failure to prosecute. *Id.*

After Wilson again failed to provide the required information by the Court's deadline, by letter dated April 24, 2015, Corporation Counsel moved to dismiss this action for failure to prosecute. (Dkt. No. 25, 27). On April 27, 2015, the Court issued a final Order directing Wilson to respond to Corporation Counsel's motion no later than May 26, 2015, and notifying him that failure to respond to the motion would result in a recommendation that the case be dismissed. (Dkt. No. 26). To date, Wilson has neither responded to the motion nor provided the information necessary to identify the individuals he seeks to name as defendants.

Pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, a court may dismiss an action "[i]f the plaintiff fails to prosecute or to comply with [the Federal Rules of Civil Procedure] or a court order." F. R. Civ. P. 41(b). Compliance with court orders "is necessary to the integrity of our judicial process. A party who flouts such orders does so at his peril," *Update Art, Inc. v. Modiin Publ'g, Ltd.*, 843 F.2d 67, 73 (2d Cir. 1988), and "all litigants, including *pro ses*, have an obligation to comply with court orders[.]" *Agiwal v. Mid Island Mortgage Corp.*, 555 F.3d 298, 302 (2d Cir. 2009) (per curiam) (internal quotation marks and citation omitted).

Courts have dismissed claims against John Doe defendants where the plaintiff has failed to make reasonable and timely efforts to identify them. *See, e.g., Jackson v. Bederman*, No. 12-CV-1338 (KPF), 2014 WL 2805242, at *12 (S.D.N.Y. June 20, 2014) (dismissing claims against John Doe defendants whom plaintiff failed to identify despite Court's and defendants' attempts to assist him in doing so); *Delrosario v. City of New York*, No. 07-CV-2027 (RJS), 2010 WL 882990, at *5 (S.D.N.Y. Mar. 4, 2010) (dismissing claims *sua sponte* against John Doe defendants for failure to prosecute "[w]here discovery has closed and the Plaintiff has had ample

time and opportunity to identify and serve John Doe Defendants"); *Coward v. Town & Vill. of Harrison*, 665 F. Supp. 2d 281, 300 (S.D.N.Y. 2009) ("Where a plaintiff has had ample time to identify a John Doe defendant but gives no indication that he has made any effort to discover the [defendant's] name, . . . the plaintiff simply cannot continue to maintain a suit against the John Doe defendant.") (internal quotation marks and citations omitted).

The only remaining defendants in this case are the three Doe correction officers and "Sick Call Officer Neely," whom Wilson has failed to identify despite the Court's attempts to assist him. The 120-day period for Wilson to serve these defendants with the summons and complaint, which was filed on August 12, 2014 (Dkt. No. 1), has long since expired. Accordingly, I recommend dismissal of this action without prejudice pursuant to Rules 4(m) and 41(b) of the Federal Rules of Civil Procedure.

## PROCEDURE FOR FILING OBJECTIONS

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, Plaintiff shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Such objections, and any responses to such objections, shall be filed with the Clerk of Court, with courtesy copies delivered to the chambers of the Honorable Paul A. Crotty and to the chambers of the undersigned, United States Courthouse, 500 Pearl Street, New York, New York, 10007. Any requests for an extension of time for filing objections must be directed to Judge Crotty.

**FAILURE TO FILE OBJECTIONS WITHIN FOURTEEN (14) DAYS WILL RESULT IN A WAIVER OF OBJECTIONS AND WILL PRECLUDE APPELLATE REVIEW.** See *Thomas v. Arn*, 474 U.S. 140 (1985); *Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C.*, 596 F.3d 84, 92 (2d Cir. 2010); 28 U.S.C.

4

§ 636(b)(1); Fed. R. Civ. P. 72. If Wilson does not have access to cases cited herein that are reported on LEXIS/WESTLAW, he should request copies from Defendants' counsel. *See Lebron v. Sanders*, 557 F.3d 76, 79 (2d Cir. 2009) (noting that the Court may ask opposing counsel to provide to a *pro se* litigant copies of decisions that are available electronically).

Dated: June 9, 2015
      New York, New York

JAMES L. COTT
United States Magistrate Judge

**A copy of this Report and Recommendation has been mailed to:**

Carlton Wilson
87 E. 96th Street
Apt. #5A
Brooklyn, NY 11212